## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

MANUEL SOTO-MENDEZ,

       Petitioner,

   v.

WARDEN, FCI JESUP,

       Respondent.

CIVIL ACTION NO.: 2:25-cv-3

### REPORT AND RECOMMENDATION

Petitioner Manuel Soto-Mendez ("Soto-Mendez"), who is incarcerated at the Federal Correctional Institution-Satellite Low in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas.  Doc. 1.  Respondent filed a Motion to Dismiss, and Soto-Mendez filed a Response.  Docs. 6, 7.  For the reasons that follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion, **DENY** Soto-Mendez's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Soto-Mendez leave to appeal *in forma pauperis*.

### BACKGROUND

Soto-Mendez was convicted in the District Court for the District of Puerto Rico of conspiracy to import five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1), and 963.  Doc. 6-1 at 5.  Soto-Mendez was sentenced to 120 months in prison and has a release date of October 26, 2025, via good conduct release.  Id.

He has a final order of removal that Immigration and Customs Enforcement ("ICE") lodged against him.  Id. at 2.

In his Petition, Soto-Mendez asserts the Bureau of Prisons ("BOP") has wrongfully denied him credit against his sentence under the First Step Act ("FSA") due to a "purported removal order[.]"  Doc. 1 at 1.  Soto-Mendez states that no valid removal order exists and, therefore, his continued detention due to the invalid order is unlawful.  Id.

Respondent states Soto-Mendez cannot bring his final order of removal claim in this § 2241 Petition, as the Eleventh Circuit Court of Appeals is the exclusive place to review an order of removal.  Doc. 6 at 5.  Respondent also states the Administrative Procedures Act ("APA") precludes this Court from reviewing the BOP's discretionary decisions under the FSA.  Id. at 6.  Respondent also asserts Soto-Mendez's Petition should be dismissed based on his failure to exhaust his administrative remedies.  Id. at 4–5.

**DISCUSSION**

I.   **Soto-Mendez Cannot Challenge His Removal Order Under § 2241, and Prisoners Who Are Subject to a Final Order of Removal Are Ineligible to Apply Time Credits**

The REAL ID Act was passed in 2005, and since then, "a petition for review filed with the appropriate court is now an alien's exclusive means of review of a removal order."[1] Alexandre v. U.S. Att'y Gen., 452 F.3d 1204, 1206 (11th Cir. 2006); 8 U.S.C. § 1252(a)(5). Congress expanded the jurisdiction of courts of appeals "to review all legal and constitutional errors in a removal order" but precluded "habeas corpus relief" in the district courts for removal orders under § 2241.  Alexandre, 452 F.3d at 1206; see also Balogun v. U.S. Att'y Gen., 425

---

[1]    The REAL ID Act is "an unrelated . . . division" of a larger appropriations bill, Pub. L. No. 109-13, 119 Stat. 310 (2005), and one of the provisions of the REAL ID Act "loosened the jurisdictional restraints of [§] 1252(a)(2)(C)."  Balogun v. U.S. Att'y Gen., 425 F.3d 1356, 1359 (11th Cir. 2005).  As noted in the body of this Report, this provision restored jurisdiction to courts of appeals to "decide the 'questions of law' an alien raises in a petition to review a final order of removal."  Id.

F.3d 1356, 1360 (11th Cir. 2005) ("The provisions of 28 U.S.C. § 2241(a) no longer play any role in immigration cases.").  "Thus, district courts generally lack jurisdiction to review 'all questions of law and fact . . . arising from any action taken or proceeding brought to remove'" an alien.  Fagan v. United States, No. 21-13524, 2023 WL 2663239, at *2 (11th Cir. Mar. 28, 2023) (quoting 8 U.S.C. § 1252(b)(9)).  "Rather, review of such questions 'shall be available only in judicial review of a final order' of removal in the appropriate court of appeals."  Id. (quoting § 1252(b)(9)).

Here, ICE has lodged a final order of removal against Soto-Mendez.  Doc. 6-1 at 2, 12.  Despite Soto-Mendez's desire to maintain he is only challenging the denial of his FSA credits—presumably so he can proceed under § 2241 in this Court, doc. 7 at 2—Soto-Mendez also states he is challenging the impact of the order of removal on his eligibility for FSA credits.  Id.  Thus, Soto-Mendez is contesting a final order of removal, despite his attempt to slant his argument to the contrary.  Accordingly, jurisdiction lies with the Eleventh Circuit, not this Court.

Additionally, the law is clear that prisoners who are subject to a final order of removal are ineligible to apply FSA credits.  See 18 U.S.C. § 3632(d)(4)(E)(i); 28 C.F.R. § 523.44; see also Medina v. Neely, No. 7:23-CV-01135, 2024 WL 2813319, at *2 (N.D. Ala. May 7, 2024), adopted by, 2024 WL 2807019 (N.D. Ala. May 31, 2024) (collecting authority).  Respondent has submitted evidence that Soto-Mendez is subject to a final order of removal.[2]  Doc. 6-1 at 2, 12.  Soto-Mendez argues that the final order is invalid because he was not served with or notified of the order, but he does not dispute that a final order has been entered.  Doc. 7 at 1.  Therefore, Soto-Mendez is not eligible to apply FSA credits.

---

[2]    Respondent submitted a declaration from Jason White, an attorney advisor with the BOP, and a copy of an "Immigration Detainer–Notice of Action."  The detainer states that a final order of removal has been entered, but Respondent did not provide the order.  In the future, assertions such as these are best supported by the final order, not merely the detainer.

For these reasons, the Court should **GRANT** this portion of Respondent's Motion to Dismiss and **DISMISS** Soto-Mendez's Petition.[3]

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Soto-Mendez leave to appeal *in forma pauperis*.  Though Soto-Mendez has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[3]    The Court declines to address Respondent's argument that Soto-Mendez failed to exhaust his administrative remedies and, instead, addresses whether this Court can even entertain Soto-Mendez's claims.

Based on the above analysis of the filings in this case, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Soto-Mendez *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Soto-Mendez's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Soto-Mendez leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of

Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 8th day of September, 2025.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA